FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>TERRI MAYER D/B/A STEPS RE-ENTRY; STEPS RE-ENTRY, A WASHINGTON NON-PROFIT CORPORATION; TERRI MAYER AND BRENT MAYER AND THE MARITAL COMMUNITY COMPRISED THEREOF; KENNETH WENHAM, AN INDIVIDUAL; LINCOLN CAPITAL, LLC, A WASHINGTON LIMITED LIABILITY COMPANY,<br><br>　　Defendants. | NO. 2:17-cv-00236-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 13. Defendants do not oppose the motion, which was heard without oral argument. For the reasons stated herein, the Court grants Plaintiff's motion and enters judgment in its favor.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

## Background

On June 27, 2018, Plaintiff filed a Complaint for Declaratory Relief seeking a declaratory judgment that it has no obligation to defend or otherwise indemnify Defendants in an underlying action.[1] ECF No. 1. On November 16, 2017, Plaintiff notified the Court that Defendants Brent Mayer and Terri Mayer filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Washington. ECF No. 10. As a result, this action was automatically stayed. 11 U.S.C. § 362. On February 27, 2018, the Bankruptcy Court granted Plaintiff's motion for relief from stay, ECF No. 12, and Plaintiff filed its Motion for Summary Judgment, ECF No. 13. No answer or opposition to Plaintiff's motion has been filed.

## Facts

The underlying action at issue in this case arises from the business operations of Defendants' Steps Re-entry, Terri Mayer, and Brent Mayer (collectively "Steps"), for which Plaintiff provided a policy of insurance. In the state court complaint, Defendants Kenneth Wenham and Lincoln Capital, LLC (collectively "Lincoln Capital") allege Steps was a vendor for the Washington Department of Corrections ("DOC") providing housing for clients participating in the Voucher Program. ECF No. 14-1. Steps allegedly requested Lincoln provide housing for approximately thirty clients in exchange for payment. Lincoln provided that housing. However, for four months, Steps received payment from the DOC and failed to forward that payment to Lincoln after repeatedly promising to do so. Lincoln states claims for breach of oral contract, fraud, unjust enrichment,

---

[1] The Court takes judicial notice of the Complaint in the underlying action: Complaint, *Wenham v. Steps Reentry*, No. 172002971 (Wash. Sup. Ct. Nov. 11, 2016), ECF No. 14. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

conversion, negligent misrepresentation, and violations of the Washington Consumer Protection Act, Wash. Rev. Code. §§ 19.86.010.

Plaintiff is defending Steps in the underlying action subject to a reservation of rights. It now seeks a declaration that it owes no duty to defend or indemnify pursuant to the terms of the applicable insurance policy. The relevant terms of the insurance policy are as follows:

> SECTION I — COVERAGES
> COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY
> 1. Insuring Agreement
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
> . . .
> COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY
> 1. Insuring Agreement
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
> . . .
> SECTION V – DEFINITIONS
> . . .
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
> . . .
> 14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
> a. False arrest, detention or imprisonment;

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** + 3

b. Malicious prosecution;
c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
f. The use of another's advertising idea in your "advertisement"; or
g. Infringing upon another's copyright,
. . .
17. "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

ECF No. 15-1 at 12-27.

SECTION 1 – COVERAGE
1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as "damages" as a result of an "error or omission" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages." However, we will have no duty to defend the insured against any "suit" seeking "damages" for an "error or omission" to which this insurance does not apply. We may, at our discretion, investigate any "error or omission" and settle any "claim or "suit" that may result.
. . .
2. Exclusions
This insurance does not apply to:
a. "Errors or omissions" for which the insured is obligated to pay "damages" by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for "damages" that the insured would have in the absence of the contract or agreement.
. . .

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** + 4

> d. Injury arising out of a dishonest, fraudulent, malicious or criminal act by any insured.

ECF No. 15-1 at 34-35.

> SECTION VI – DEFINITIONS
>
> . . .
>
> 4. "Error or omission" means any negligent act, error or omission while performing those services described in the Schedule of this Coverage Part under the Description of Services."

ECF No. 15-1 at 42.

## Legal Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

In addition to showing that there are no questions of material fact, the moving party must show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. *Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir. 1993). The moving party must demonstrate the absence of genuine issues of material fact, regardless of whether the party against

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** - 5

whom the motion for summary judgment is direct has filed any opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994).

**Discussion**

Under Washington law, a "duty to defend 'arises at the time an action is first brought, and is based on the potential for liability.'" *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 52 (2007) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wash.2d 751, 760 (2002)) (emphasis added in *Woo*). An insurer has a duty to defend "when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability within the policy's coverage." *Id.* at 52-53 (citing *Truck Ins. Exch.*, 147 Wash.2d at 760) (internal quotation marks omitted). "An insurer is not relieved of its duty to defend unless the claim alleged in the complaint is 'clearly not covered by the policy.'" *Id.* at 53 (quoting *Truck Ins. Exch.*, 147 Wash.2d at 760)). Thus, the duty to defend must be determined from the complaint.

Each of Lincoln's causes of action outlined in the Complaint arise from a common set of facts: Steps requested Lincoln provide housing for DOC Voucher clients; Lincoln provided housing; Steps failed to pay after promising to do so; Steps benefited financially at Lincoln's expense. ECF No. 14-1. The Court finds that there is no conceivable coverage under the insurance policy based on these allegations.

First, there is no coverage under the bodily injury or property damage provisions of the policy, nor under the personal and advertising injury. This case indisputably does not involve damage to a person, property, or reputation. Second, while the errors and omissions endorsement provides Plaintiff will pay for "those sums that the insured becomes legally obligated to pay as 'damages' as a result of an error or omission' to which this insurance applies," ECF No. 15-1 at 34, this endorsement does not cover the alleged acts. An error or omission is a negligent act occurring in the course of business. *Id.* at 42. Each of the allegations in the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 6

Complaint relate to an intentional, fraudulent act; no negligence is alleged here. Third, the errors and omissions endorsement excludes from coverage injuries arising from breach of contract and fraudulent conduct. Lincoln alleges Steps breached its oral contract to pay for housing services and failed to do so after repeatedly assuring Lincoln payment was forthcoming. These allegations squarely fall within the errors and omissions exclusions, and therefore, no coverage exists.

Because the allegations in the underlying action are clearly not covered by the policy, Plaintiff has no duty to defend or indemnify Steps in the state court proceedings. *See Woo*, 161 Wash.2d at 53. Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 13, is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. The District Court Executive is hereby directed to **enter judgment** in favor of Plaintiff and against Defendants.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, enter judgment, and **close** this file.

**DATED** this 9th day of July 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** + 7